## MRS. ANNA WELSCH vs. JOHN HEYD.

### Syllabus.

Questions of fact only are involved.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 102,884. Hon. Porter Parker, Judge.

Charles F. Fletchinger, for plaintiff and appellant.

F. Rivers Richardson, for defendant and appellee.

His Honor EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff sues for the recovery of a loan which she claims to have made to the defendant, her son-in-law, the funds consisting of the proceeds received by her as beneficiary under a policy of insurance upon the life of her daughter, the late wife of defendant. There was judgment of nonsuit below and the plaintiff appeals.

The defense is that though the plaintiff was named as beneficiary it had been understood, ever since defendant's marriage to plaintiff's daughter, that the proceeds of the policy which were primarily dedicated, according to the terms of the policy itself, towards defraying the burial expenses of the insured, should belong to the latter; and that in accordance with said common understanding and agreement, the proceeds had been turned over voluntarily by plaintiff to defendant, who, to the knowledge of plaintiff, devoted same to the purpose intended, without any agreement or obligation on his part, express or implied, to repay or reimburse plaintiff.

The issue presented is one involving facts alone, and as the testimony on behalf of the respective parties is

in hopeless and irreconcilable conflict, the conclusions of the trial Court are entitled to the greatest weight. In other words, if the statements of plaintiff's witnesses are to be believed, the transaction was a loan; while on the other hand, if defendant's witnesses are testifying truthfully, the transaction was not a loan, but was such as the answer describes, and the defense must be sustained. However, in addition to the trial Court's conclusions being in favor of the defendant, the few facts as to which there is no contradiction or conflict, likewise support the defense, for it is conceded that the money was turned over by plaintiff to defendant without either party declaring, directly or indirectly, whether it was to be considered a loan, a gift or otherwise; that thereafter for a period of nearly one and one-half years, though the parties lived in the same house and saw each other daily, the matter was never again referred to, and that it was not until the expiration of said period when defendant announced that he and his minor children would thereafter live with his mother, that the plaintiff for the first time demanded the return of the money and claimed that it had been loaned. Moreover, as supporting defendant's theory that the policy was to be devoted to the burial expenses of the daughter, there is a memorandum of a disinterested third person, a witness for plaintiff, made at a time not suspicious and apparently upon information derived from plaintiff, to the effect that the latter had assumed the payment of these expenses.

We find no reason for disturbing the judgment and it is accordingly affirmed.

Judgment affirmed.